JAMES B. TITMAN AND ANOTHER, AS ADMINISTRATORS, RESPONDENTS, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Executions — the sheriff of the city and county of New York is not entitled to charge mileage upon an execution.*

The sheriff of the city and county of New York, under the provisions of chapter 523, Laws of 1890, relating to his office, is not entitled to charge mileage upon an execution, and subdivision 6 of section 3307 of the Code of Civil Procedure, allowing mileage to sheriffs generally, is, as to the sheriff of the county of New York, repealed by implication by the said act of 1890.

APPEAL by the defendant, the Mayor, Aldermen and Commonalty of the city of New York, from an order, entered in the clerk's office of the county of New York on the 12th day of March, 1891, denying the defendants' motion to review a taxation of the clerk of this court in striking from the defendants' bill of costs the item of the sheriff's mileage.

*William H. Clark* and *Terence Farley*, for the appellant.

*L. Laflin Kellogg*, for the respondents.

LAWRENCE, J. :

Upon the taxation of costs by the clerk it was claimed that the defendants were entitled to charge mileage for the sheriff on the execution at the rate of ten cents per mile. The clerk, on objection, struck out the item, which adjustment was sustained on appeal to the Special Term. The defendants claim the right to tax mileage for the sheriff under subdivision 6 of section 3307 of the Code of Civil Procedure, which provides that the sheriff shall be entitled to charge " for mileage upon an execution, for each mile, going only, ten cents ; to be computed as prescribed in subdivision first of this section." By chapter 523 of the Laws of 1890, entitled " An act in relation to the office of sheriff of the city and county of New York," it is provided (sub 6 of § 17) that the sheriff is entitled : " For receiving an execution against property, entering it in his books, searching for property, and postage on the return, when made through the post-office, one dollar and fifty cents. If required by the sheriff, that fee, together with his fee for the return of the execution, must be paid by the person in whose behalf the execution is issued at the time when it is delivered to the sheriff, who is not bound to execute it unless the fee is so paid."

That act, with great minuteness and detail, specifies the fees which the sheriff of the city and county of New York shall be entitled to receive for the rendition of different services, and in referring to the fees which the sheriff is entitled to receive upon an execution, it omits all reference to mileage.

By its twenty-third section it repeals all acts and parts of acts inconsistent therewith. We are of the opinion that the act is to be construed as providing for the fees of the sheriff of the city and county of New York, as an entirety, and that it is to be regarded as having repealed by implication that part of subdivision 6 of section 3307 of the Code of Civil Procedure, which allows the sheriff for mileage on executions.

In other words, the act provides a general scheme in relation to the fees of the sheriff of the city and county of New York, independently of, and uncontrolled by, the general provisions of the Code of Civil Procedure in relation to the fees of sheriffs. We think this is entirely clear when a comparison is instituted between the sixteen subdivisions of section 17 of the act of 1890, and the twenty-one sub-

divisions of section 3307 of the Code of Civil Procedure. The two sections will be found to relate mainly to the same services, and the fees for performing the same are as distinctly specified in the act of 1890 as in the general provisions of the Code.

The taxation of the clerk was right; and the order below should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.