### SCHIERLOH v. SCHIERLOH et al.

(Supreme Court, Special Term, New York County. January, 1898.)

COMPENSATION OF REFEREE—STATUTES—REPEAL.

  The fees of a referee to sell property pursuant to a judgment, under Code Civ. Proc. § 3297, as amended in 1891 and 1895, are the same as those allowed the sheriff. Section 3307, subd. 7, provides for 2½ per cent. on the sum collected, not exceeding $250, and 1¼ per cent. of the residue collected as fees of the sheriffs of New York, Kings, or Westchester counties. By Laws 1890, c. 523, § 17, subd. 7, a special act was passed, which placed the fees in New York at 5 per cent. on the first $1,000, 2½ per cent. on the next

$9,000, and 1 per cent. for over $10,000. *Held*, that the act of 1890 must be regarded as repealing by implication the Code provisions as to the fees of the sheriff of New York for the sale of real property under an execution, and therefore the fees of a referee in New York City are governed by Laws 1890.

Action by Mathilda Schierloh against Anna Schierloh and others. Motion to fix the fees of the referee.

George H. Yeaman, for plaintiff.
George W. Roderick, for defendants.

FREEDMAN, J.    Among other things, I am called upon to determine the compensation of the referee in this action, after a sale of the premises under the judgment.    Under section 3297 of the Code of Civil Procedure, the referee's fees in foreclosure cases cannot exceed $50, on a sale for less than $10,000, and cannot exceed $500 in any other case.    The case at bar is for dower, and the only limitation is the $500 limitation.    The amount on which the referee's compensation is to be calculated is $9,000.    By section 3297, as amended in 1891 and 1895, the fees of a referee to sell property pursuant to a judgment are the same as those allowed to the sheriff, with the added provision—which, however, does not apply here—that where there is a security to be taken, or a distribution or an application of part of the proceeds to be made, the referee is further entitled to one-half of the usual executor's commissions.    Turning, then, to the table of fees for the sheriff (section 3307, subd. 11), it appears that the sheriff's fees are as follows:    For posting and publishing the notice of sale, for selling and conveying real property, in pursuance of a direction contained in a judgment, the like fees as for the same services upon the sale of real property by virtue of an execution; but, where the real property is sold under a judgment in an action to foreclose a mortgage, the sheriff's entire compensation cannot exceed $50.

The next question, then, is, what are the fees of the sheriff upon the sale of real property under and by virtue of an execution?    This depends, as a general rule, upon subdivision 7 of section 3307, which provides:

"For collecting money by virtue of an execution," etc., "in any county, except New York, Kings or Westchester, three per centum upon the sum collected not exceeding $250, and two per centum upon the residue of the sum collected; and in either of the counties of New York, Kings or Westchester two and one-half per centum upon the sum collected not exceeding $250, and one and one-quarter per centum upon the residue of the sum collected."

It further appears, however, that, in 1890, a special act was passed (chapter 523, Laws 1890), entitled "An act in relation to the office of sheriff of the city and county of New York," and that, by subdivision 7 of section 17 of that chapter, the percentages allowed to the sheriff of New York are increased as to him to 5 per cent. on the first $1,000, and 2½ per cent. on the next $9,000, and 1 per cent. over and above $10,000.    Chapter 418, Laws 1892, in express terms is an amendatory act of the act of 1890.    Among other things, it provides for poundage to the sheriff, where an execution has been vacated or set aside, and to that extent amends subdivision 7, c. 523, Laws 1890.

These two acts have never been repealed. The question, therefore, arises, how they are to be construed with reference to subdivision 7, § 3307, Code. In Titman v. City of New York, 60 Hun, 123, 14 N. Y. Supp. 518, the question involved related to the construction of subdivision 6 of section 17 of the act of 1890, with reference to subdivision 6 of section 3307 of the Code; and the general term held that the act of 1890 provided a general scheme in relation to the fees of the sheriff of the city and county of New York, independently of, and uncontrolled by, the general provisions of the Code of Civil Procedure in relation to the fees of sheriffs, and that it is to be regarded as having repealed by implication the part of subdivision 6 of section 3307 of the Code under consideration by the court. By analogous reasoning, it must be held that, upon the question relating to the fees of the sheriff of the city and county of New York upon the sale of real property under and by virtue of an execution, subdivision 7 of section 3307 of the Code has been superseded by the act of 1890, above referred to, as amended by the act of 1892. · This view receives additional support from the very language of section 3308 of the Code, from which it will be seen that it was the opinion of the legislature from the start that the fees and expenses of the sheriff of the city and county of New York might well be regulated by special statute. For the reasons stated, subdivision 7 of section 3307 of the Code must be read as if it had been amended by striking out the words relating to the sheriff of the city and county of New York. My conclusion is that the fees of the sheriff of the city and county of New York upon the sale of real property under and by virtue of an execution are fixed by the provisions above quoted of the act of 1890, as amended by the act of 1892, and that consequently the compensation of the referee in the case at bar should be calculated upon the same basis. In Darling v. Matthews, 50 N. Y. Supp. ——, the attention of Mr. Justice Russel does not seem to have been sufficiently called to the acts of 1890 and 1892.

Let an order be presented on notice determining the fees of the referee in accordance with this opinion.