Delavan
v.
Payn.

## DELAVAN *vs.* PAYN.

The second section of the act of May, 1840, in relation to the expenses of foreclosing mortgages in the court of chancery, does not deprive masters in chancery of the compensation previously allowed by way of commissions, upon monies received on a sale of the mortgaged premises; nor does it deprive either solicitors or masters of the allowances for disbursements to which they were entitled under the general fee bill contained in the revised statutes.

THIS case came before the court for a construction of the "act to reduce the expense of foreclosing mortgages in the court of chancery," in reference to the compensation of masters, upon sales under decrees of foreclosure. The premises sold for $9000, leaving a balance still due from the mortgagor. The master, in addition to his disbursements, and the $3,50 allowed by the act of the last session for advertising, attending the sale, making his report and drawing the deed to the purchaser, charged commissions upon the monies received and paid over upon the sale; as allowed by the revised statutes and the 124th rule of the court. The complainant's solicitor, in behalf of his client, and of the mortgagor who was personally liable for the deficiency, insisted that under the act of the last session the master was prohibited from charging commissions; and that the amount retained by him on that account should have been paid over to the complainant, to be applied towards the balance due on the decree.

*D. Burwell*, for the parties in the suit.

*J. Rhoades*, for I. Harris, the master.

THE CHANCELLOR. The second section of the act of the 14th of May last, (*Laws of* 1840, *p.* 288,) declares that in foreclosure suits, where there is no defence, the several officers therein named, instead of the *fees* for their services theretofore allowed, shall receive the compensation mentioned in that act; and that no other fees shall be taxed or

*August 4.*

decreed against the defendant, or demanded or received from him. Here, as the defendant is liable for the deficiency, the retaining of the commission by the master, which must of course increase the balance for which such defendant is personally holden, is in substance a demanding and receiving the money from him. The question therefore arises, whether the term *fees*, as used in that act, includes the compensation allowed by the former statute, by way of commissions upon monies received and paid over by masters, and other officers of the court.

By referring to the general fee bill in the revised statutes, it will be seen that the master's fees upon sales in this class of mortgage cases were very much reduced by the act of May, 1840, so as to give him a very trifling compensation for his services in advertising the property, attending the sale and drawing the deed and report ; exclusive of his risk and responsibility in receiving and paying out moneys. I cannot therefore believe that the legislature intended, in that act, to deprive the master of the commissions which were allowed to him under the revised statutes. The provision in the revised statutes, authorizing the master to charge for disbursements and for commissions upon sales, is contained in the came clause of the section of the statute relative to masters' fees. And as neither the commissions nor the disbursements are, in common parlance, or even in technical language, called *fees*, if the master is not allowed to retain his commissions upon sales under the recent act, it is difficult to say upon what principle he can be permitted to retain for his disbursement for the printer's bill. I conclude then that the term fees, in the act of May last, was not intended to deprive the master of his commissions ; nor to deprive solicitors and masters of the allowances for disbursements, to which they were entitled under the general fee bill contained in the revised statutes.

The master was therefore entitled to his commissions upon the sale ; and he must be permitted to retain the amount thereof as mentioned in his report, as well as the disbursement for the printer's bill which he has paid.