ROBERT C. RICHARDS *v.* PIERRE T. C. RICHARDS et al,. Appellants, BRADBURY C. CHETWOOD, Referee, etc., Respondent.

The provision of the act of 1869 (§ 4, chap. 569, Laws of 1869), entitled "An act in relation to the fees of sheriff of the city and county of New York, and to the fees of referees on sales in partition cases," which fixes the fees of referees, on partition sales, is not local, but public, and is not affected by the fact that certain local provisions of the act are violative of the constitutional provision (art. 16, § 3) prohibiting the passage of a private or local bill containing more than one subject, and requiring that to be expressed in the title.

Under said provision, the referee is entitled to the commissions there provided, and also to the fees specified in section 2 of the act.

(Argued January 28, 1879 ; decided February 11, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, taxing the fees of Bradbury C. Chetwood, referee, on partition sale herein. (Reported below, 14 Hun, 25.)

The referee was allowed, by the order appealed from, commissions, at the rate allowed to executors, on the purchase price, as provided by section 4 of the act chapter 569, Laws of 1869, and also the fees allowed by section 2 of said act to the sheriff on foreclosure sales.

*John J. Macklin*, for appellants.   The act of 1869 (chap. 569) is a local act and limited in its operation to property in the city and county of New York, and to sales therein in partition and foreclosure by the sheriff thereof or a referee appointed by the court. (*Gaskin* v. *Meek*, 42 N. Y., 188; *Kerrigan* v. *Force*, 68 id., 383; Old Code, § 287; Sedgwick Cons. Law [2 ed.], 366; *In re Brown*, 21 W. R., 316; Potter's Dwarris, 188, 194; *Est. of Ticknor*, 13 Mich. R., 44; Sedgwick Cons. Law [2 ed.], 199, note a., 360; *Chegary* v. *The Mayor*, 13 N. Y., 220, 230; *Curtis* v. *McNair*, 68 id., 198, 200; *People* v. *Smith*, 47 id., 330, 337; *State* v. *Button*, 25 Wis., 109; *People* v. *Huber*, 49 N. Y., 133.)   The act of 1869 (chap. 569) being a local act is violative of article 3, section 16 of the Constitution. (*In re Meyer*, 50 N. Y., 504; *City of Rochester* v. *Briggs*, id., 553; *Bates* v. *Relyea*, 23 Wend., 336, 340; *Hurd* v. *Rice*, 10 Bush. (Ky.), 528; Cooley on Cons. Limitations, 147; *Innes* v. *Purcell*, 2 T. & Cook R., 538; *Campbell* v. *Campbell*, 48 How. P. R., 255; *Gifford* v. *Livingstone*, 2 Den., 388–389; *Yale* v. *Dederer*, 68 N. Y., 329–335.)

*Samuel Hand*, for respondent.   The fourth section of the act of 1869 (chap. 569) was valid and covered by the title of the act; it was a general and not a local act. (*People* v. *Briggs*, 50 N. Y., 553; *People* v. *McCann*, 16 id., 58; *People* v. *Suprs. Chaut. Co.*, 43 id., 10; *People* v. *Lawrence*, 41 id., 137.)   The title of the act of 1874 sufficiently expresses its purpose, both as to fees of referees in partition and sheriff's fees. (*In re Mayer*, 50 N .Y., 504; *People* v. *Quigg*, 59 id., 83.)

Earl, J.   We concur generally in the opinion of the learned referee contained in the case submitted to us.

Under the act of 1869, chapter 569, as amended by the act of 1874, chapter 192, the referee appointed to make the sale was entitled to the commissions allowed him.   The title of the act of 1869 is "An act in relation to the fees of

the sheriff of the city and county of New York, and to the fees of referees in sales in partition cases." Section one provides that "all sales of real estate hereafter made in the city and county of New York under the decree or judgment of any court of record (except sales in cases of partition, and where the sheriff of said city and county is a party), shall be made by the sheriff of said city and county." Section two regulates the fees and disbursements to be allowed to sheriffs upon foreclosure sales. Section three provides that " in cases where there is no other officer to whom, according to the provisions of law, a police justice may direct a commitment, and when no such officer is present, such police justice shall direct the same to the sheriff of said city and county, who shall be entitled to receive such fees for his services, not exceeding fifty cents on each commitment, as shall be allowed by the supervisors of the county of New York." Section four provides that in partition sales by referees, they shall be entitled to receive the same fees as are allowed by section two to the sheriff, and in addition thereto, the same commissions as are allowed to executors and administrators, not exceeding, in any case, $500.

It will be observed that the only subjects expressed in the title of this act are the fees of New York sheriffs, and the fees of referees in partition sales. The exclusive power of the sheriffs to make sales, conferred by the first section, and the power of police justices to issue commitments to the sheriffs, found in the third section, are not referred to in the title. As to these matters, the act was held to be a local act in *Gaskin* v. *Meek* (42 N. Y., 186), and in conflict with section sixteen of article three of the Constitution, which provides that "no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in its title." That decision did not repeal that act. It condemned it, so far as it was a local act, as in conflict with the Constitution ; but it still remained among the recorded acts of the State, and the act of 1874 amended it by repealing section three, and by amending sec-

tion one so as to read as follows : " Sales of real estate hereafter made in the city and county of New York, under the decree or judgment of any court, may be made by the sheriff of said city and county, or by a referee appointed for that purpose, by such judgment or decree ; but when any sale is made by any officer other than the sheriff, no greater sum shall be charged or allowed as fees than as prescribed in section two of this act." The act of 1869 must now be read as thus amended. This amendment was doubtless made to obviate the constitutional objection, which had before been upheld ; and whether it was successful or not, it is not now necessary to determine. The act, as to section four, was not a local one. That section regulates the fees and commissions of referees in partition sales, in all parts of the State ; and hence, the act, as to that section is public, and is therefore in conflict with no requirement of the Constitution. (*People* v. *McCann,* 16 N. Y., 58 ; *Williams* v. *The People,* 24 id., 405 ; *People* v. *Supervisors of Chautauqua,* 43 id., 10.)

Under section four the referee was entitled to the commissions there provided, and also to the fees mentioned in section two.

The order must be affirmed, with costs.

All concur.

Order affirmed.