## SUPREME COURT.

REBECCA BIRGE agt. GEORGE R. R. AINSWORTH *et al.*

*Sale under foreclosure — Fees of sheriff or referee on — Code of Procedure, section* 309.

Under the judiciary act the poundage of the referee on foreclosure and sale is limited to ten dollars, and is not increased by the act of 1876 amending section 309 of the Code of Procedure.

This amendment does not *give* the right to such fees or poundage, but is merely a *limitation* of the fees or poundage allowable, the right thereto being dependent upon other statutory provisions.

If the seventy-seventh section of the judiciary is repealed the referee is remitted to the three dollars per day under the general rule as to referees' fees.

*Monroe Special Term, March,* 1880.

Hon. CHARLES C. DWIGHT, Justice.

THIS was an action for the foreclosure of a mortgage of real estate. A decree was duly made in the usual form for the foreclosure and sale by the sheriff of Steuben county, as referee. The whole amount of the mortgage debt was due, amounting to about $5,000. The entire premises were sold

by the referee for about $4,000, leaving a deficiency of over $1,000. No bond was given with the mortgage. The referee claimed that he was entitled to reserve as his fees for making said sale the sum of fifty dollars, besides disbursements, under section 309 of the Code of Procedure and the authority of *Walbridge* agt. *James* (16 *Hun*, *p.* 8).

This motion was made by plaintiff to tax the fees of the referee at ten dollars, and to compel him to pay the residue of the fifty dollars to the plaintiff.

*McMaster & Parkhurst,* for motion. The word "fees" in the statute does not embrace commissions or poundage. The word refers only to the statutory fee for making deed, reports, &c. (*Delevan* agt. *Payn,* 8 *Paige,* 460; *Innes* agt. *Purcell,* 2 *N. Y. S. C.,* 541). These fees are recoverable by force of statutory authority, and except when expressly fixed and given by the statute cannot be recovered (*Innes* agt. *Purcell, supra; Downing* agt. *Marshall,* 37 *N. Y.,* 380). The compensation to the sheriff or referee in foreclosure cases, which is called "commissions" or "percentage," was an "allowance" to be awarded by the court and subject to its discretion (*Innes* agt. *Purcell, supra, p.* 541). The seventy-seventh section of the judiciary act (4 *Ed. Stat.,* 578) did not give the sheriff poundage upon the bid as upon execution, but gave him an allowance out of the surplus, which with the fees should not exceed the limit fixed by the section. The amendment to section 309 of the Code of Procedure was not designed to increase the "fees" of the sheriff upon foreclosure sale. These were ample before, paying the sheriff better than he was paid for any other service as sheriff. The purpose of this amendment was to give the court power in its discretion, in a difficult and extraordinary case, to "allow" a sum which, with "fees," might amount to fifty dollars. It is given in the section providing for extra allowances, and the terms of the provision are that no greater sum than fifty dollars shall be charged by or "allowed" * * * fees, per

centage or services, &c. The case of *Walbridge* agt. *James* (16 *Hun*, 8) is not *contra.* That case was one where the "allowance" was made in the discretion of the court, upon motion papers showing the case was difficult or extraordinary, within section 309 of the Code. In the case at bar no allowance can be made, because the proceeds of sale were insufficient to pay the mortgage debt. These allowances can in no case be taken out of the mortgage debt; and there being no "surplus" there can be no allowance. Even if this extortion was within the letter of the statute, it was plainly not intended by the legislature. The special occasion for the amendment was the "allowance" of exorbitant sums to referees in the first district. It is plain, from the form of the provision, it was not designed to increase, but was designed to limit and cut off their allowances. "A thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers" (*Innes* agt. *Purcell, supra ; Holmes* agt *Carley*, 31 *N. Y.*, 289, 290).

*Rumsey & Miller*, opposed.

THE COURT granted the motion, holding that under the judiciary act the poundage of the referee was limited to ten dollars, and was not increased by the act of 1876 amending section 309 of the Code.

That this amendment did not *give the right* to such fees or poundage, but was merely a *limitation* of the fees or poundage allowable, the right thereto being dependent upon other statutory provisions.

That if, as claimed by the counsel for the referee, the seventy-seventh section of the judiciary act was repealed, the referee was remitted to the three dollars per day under the general rule as to referees' fees.

Motion granted.