EMELINE S. HOBART, EXECUTRIX, ETC., RESPONDENT, *v.* GEORGE H. HOBART AND OTHERS, EXECUTORS, ETC., RESPONDENTS; DELOS A. BELLIS, REFEREE, APPELLANT.

*Appeal — when a referee may appeal from an order fixing his compensation — Code of Civil Procedure, § 1247.*

Under section 1247 of the Code of Civil Procedure a referee, appointed to sell real estate in pursuance of a judgment, may appeal from an order fixing his fees and compensation for the services so rendered by him.

APPEAL from so much of an order made at Special Term, confirming the report of sale of a referee, as fixes and determines his fees and compensation.

*Hobart M. Chapman,* for the appellant.

*Chas. R. King,* for the respondents.

RUMSEY, J.:

From the papers presented in this case it appears that Delos A. Bellis, as referee appointed by the court, made a sale of divers pieces of real estate for the gross sum of $2,827.42. His report shows that of this amount he applied sixty-two dollars and thirty-nine cents for taxes, etc., as directed by the court, retained the sum of $196.69 for his disbursements, fees and charges, and paid the balance to the county treasurer of Yates county as directed by the court. When the report came to the Special Term it was confirmed except as to the referee's fees and disbursements, and the referee by the order was allowed fifty-eight dollars for his disbursements and twenty-five dollars for his services, and he was directed

to pay over to the county treasurer the sum of $113.69, being the difference between the amount retained by him and that allowed by the court. From this order the referee appeals.

The respondent insists that the referee, not being a party to the action, and not occupying such a relation to the action as to entitle him to be substituted under the provisions of section 1296 of the Code of Civil Procedure as a party, that he cannot prosecute this appeal.

The referee is an officer of the court appointed for the purpose of aiding the court to carry its judgments into effect, whose compensation is provided for by law, and such compensation may be taxed by the court in the absence of any provision of law directing it to be done in some other way. (*Lynch* v. *Meyers*, 3 Daly, 261.) I must assume that the question of settling the amount of those fees was properly before the Special Term, and if that court erred in doing so the order affected a substantial right of the referee, and he would be at liberty to appeal under section 1294 of the Code of Civil Procedure. He has such a connection with the action as gives him this right, and section 1296 was intended to apply only to those who upon the record had no apparent connection with the case.

It is incumbent, however, upon the appellant to show from his papers affirmatively that an error was committed by the Special Term in fixing his compensation, and this he entirely fails to do. In his points he assumes that the action was for partition, and he was therefore entitled, under the provisions of chapter 569 of Laws of 1869, as amended by chapter 192 of Laws of 1874, to the same commissions as are allowed by law to executors and administrators. (*Richards* v. *Richards*, 76 N. Y., 186.) There is, however, no evidence in the printed papers furnished to the court from which it can infer that the action was one for the partition of lands, and in the absence of any such evidence the Special Term has allowed to the referee all he was entitled to.

The order must be affirmed with costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

The order appealed from affirmed with ten dollars costs and disbursements, to be paid by Bellis, the referee and appellant.