## N. Y. COMMON PLEAS.

### THOMAS E. BRADY agt. WILLIAM M. KINGSLAND.

### SAME agt. CAROLINE M. MACY.

*Referees' fees in foreclosure actions — How to be taxed — Referee cannot make a valid contract for more than statutory fees.*

Referees to sell in foreclosure are entitled to nothing more than the fees that are prescribed by the act of 1869 (and 1874), and cannot make a valid contract for the payment of more than the statutory fees.

*General Term, May,* 1884.

*Before* LARREMORE, VAN HOESEN *and* J. F. DALY, *JJ.*

PLAINTIFF, as assignee of Chauncey S. Truax, sued for services as referee to sell in foreclosure under an express agreement. The defense, among others, was payment in full. Several adjournments were had and then the property was sold at private sale. Further facts appear in the opinion.

*William Whaley,* for defendants and appellants.

*Stephen L. Brague,* for plaintiff and respondent.

VAN HOESEN, J. — The disbursements of the referee for publishing the notices of the sale were eighty-one dollars. These were properly allowed. The justice also awarded the plaintiff the maximum sum allowed by the law for the full performance of all the duties that are devolved upon a referee who conducts a sale in foreclosure, to wit, fifty dollars. The account then stood thus:

| | | |
|---|---|---|
| Disbursements | $81 | 00 |
| Fees | 50 | 00 |
| | $131 | 00 |

*Cr.*

| | | |
|---|---|---|
| By cash | $100. | 00 |
| Balance | $31 | 00 |

For the sum of thirty-one dollars the justice gave judgment. In this, I think, he erred. The referee was entitled to nothing more than the fees that are prescribed by the act of 1869 (*Schermerhorn* agt. *Prouty*, 80 *N. Y.*, 317; *Lockwood* agt. *Fox*, 61 *How. Pr.*, 522; *Maher* agt. *O'Connor*, 61 *How. Pr.*, 103; *Guinnever* agt. *Carroll*, 4 *L. Bull*, 6).

| | | |
|---|---|---|
| His disbursements were | $81 | 00 |
| For receiving order posting notice of sale | 10 | 00 |
| Not more than three adjournments | 9 | 00 |
| Total | $100 | 00 |

It appears, therefore, that the referee has been paid in full. The referee could not make a valid contract for the payment of more than the statutory fees. The law condemns and will not lend itself to the enforcement of such contracts. We do not feel called on to review the decisions that have been made respecting the binding force of the act of 1869. I have carefully read the argument of the counsel for the plaintiff, but I am not at all convinced that the act is unconstitutional.

The judgment should be reversed.

J. F. DALY, *J.* — I have some doubts as to the constitutionality of the act of 1869 and 1874, that question being now directly raised, but I am constrained to follow our general term in *Lockwood* agt, *Fox* (61 *How.*, 522).

LARREMORE, J., concurred for reversal.