(25 Misc. Rep. 95.)

### HOVER v. HOVER et al.

(Supreme Court, Special Term, New York County. October, 1898.)

1. MORTGAGES—FORECLOSURE—SALE—REFEREE'S FEES.

Code Civ. Proc. § 3297, gives a referee, for selling real property under a judgment, like fees as "the" sheriff, but limits his fee on a sale on foreclosure to $50. Section 3308 makes the general provisions of the Code establishing sheriffs' fees inapplicable to New York county. Laws 1890, c. 523, § 17, subd. 11, gives the sheriff of New York county the same fees for advertising, selling, and conveying property under judgment as are

allowed under execution, and subdivisions 8 and 9, respectively, fix the fees for advertising and conveying, while subdivision 7 fixes the fee for selling under execution according to certain percentages on the amount collected on sale, to wit, 5 per cent. on the first $1,000, 2½ per cent. on the next $9,000, etc. *Held*, that on a sale, and the collection of $3,000, the referee was entitled to $50, regardless of whether he was entitled to fees for advertising and conveying.

**2. SAME—TAXATION.**

Where, under Code Civ. Proc. § 3297, limiting referee's fees for a sale under judgment of foreclosure to $50, a referee is entitled to the maximum amount of fees for the sale of property, taxation of fees is unnecessary.

**3. SAME—RESCISSION BY PURCHASER—HOW ENFORCED.**

Where a referee sold property under a judgment of foreclosure, and by reason of a defect in title the purchaser rescinded the sale, the court cannot, on a summary application therefor, require the plaintiff to pay the referee's costs.

Action by Philip H. Hover against Martha Hover and others. Heard on motion of Miles Rosenbluth, referee, for a taxation of referee's costs. · Denied.

Miles Rosenbluth, in pro. per.
Lyman B. Bunnell, opposed.

BISCHOFF, J. An action for foreclosure having regularly proceeded to judgment of sale, the judgment was so far executed by the referee that the sale was had, and the earnest money of 10 per cent. was deposited with him by the purchaser;· but, for a defect of parties to the record, the title offered was unmarketable, and the purchaser became entitled to disaffirm, and to receive back the money so deposited. The referee, thus having no funds in his hands applicable to his fees, now moves that they be taxed, and for an order requiring the plaintiff to pay the amount due him.

To his claim for $50, it is objected· that he has not earned the amount; and in support of the objection the plaintiff points to authorities under the New York county sheriff's law of 1869, under which enactment the compensation of the sheriff upon sales in foreclosure was restricted (section 2) to specific sums for the different services rendered, including a fee for the act of selling the property; and, by making an addition of the specific items to which he considers the referee entitled, upon the assumption that this enactment has been substantially continued in the form of the statute now existing, a total is arrived at which is considerably less than $50. Examination of the statutes applicable to the question at the present time leads clearly to the conclusion that the referee in this case became entitled to a fee of at least $50, and that his right to demand a greater sum was restricted only by the statutory limitation of the aggregate of fees in actions for foreclosure. Code, § 3297. Only as so restricted, a referee in foreclosure is allowed the same fees as those allowed to the sheriff (Id.), and here the amount of compensation due to the officer enacting the judgment is fixed by the New York county sheriff's law of 1890 (Laws 1890, c. 523); the general provisions of section 3307 of the Code, as to sheriff's fees, not being applicable to the county of New York (Code, § 3308), and the wording of section 3297 evidently assimilating the position of the referee

to that of the sheriff of the county, since the section refers to "the sheriff," not to "a sheriff," as in the statute relating to sheriffs generally. Code, § 3307. By this statute of 1890 (section 17, subd. 11), the officer is allowed, as compensation for advertising, selling, and conveying property under the judgment, the like sums as upon a sale under execution; and for the services performed under the latter process we find that the compensation is fixed, for advertising, in subdivision 8, for conveying, in subdivision 9, but for selling under execution the compensation is to be found solely in accordance with the provisions of subdivision 7, whereby percentages upon the amount collected upon the sale are resorted to for the purpose of fixing the fees, and this is the sole and exclusive provision with regard to the fees for the services rendered in selling the property; hence this provision must be that referred to by subdivision 11, relative to the compensation for selling under a judgment of the court. Here the referee in fact collected upwards of $3,000 upon the sale, and he was entitled to $50 upon the collection of the first $1,000. Section 17, subd. 7. Therefore the question whether he was entitled in the particular case to fees for advertising and conveying is not material, since he may recover no more than $50 for services rendered under the judgment in the usual course (Code, § 3297); and so, also, of the claim for services for searching. Even should it be assumed, for argument, that the question is controlled by the terms of the general sheriff's law (Code, § 3307), the referee's fees upon the amount for which the property sold, actual collection of which was prevented by the plaintiff's mistake alone, would amount to more than the sum limited by section 3297.

It may be said that the contention that the referee was entitled to no fee for advertising, because the notice of sale had been published by the plaintiff without the officer's previous knowledge, has no great force. The notice of sale appearing over the signature of the referee, the plaintiff could not be heard to say that he had affixed that signature without authority; and the notice was to be viewed, in fact, as signed by, and published at the instance of, the referee, through his ratification of the plaintiff's acts by proceeding with the sale upon the basis of the notice.

No necessity is apparent for an order taxing the fees, since, as has been shown, the referee is entitled to the full amount limited by law, in any aspect, and this amount is recoverable by action; but the court may not direct the plaintiff to make the payment upon a summary application,—the referee being in no better position than the sheriff in such a case,—and the motion must therefore be denied, but without costs.

Motion denied, without costs.