(43 App. Div. 88.)

### KEIM v. KEIM et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

REFEREE'S FEES—PARTITION—SALE OF LAND.
    Code Civ. Proc. § 3297, allows a referee for selling real property pursuant to a judgment the same fees as those allowed the sheriff. Code Civ. Proc. § 3307, subds. 7, 11, fix the fees allowed a sheriff for sales of real estate, and include the sheriff of New York county. A special act (Laws 1890, c. 523) made the sheriff of New York county a salaried officer, and required him to turn the fees over to the county treasurer, and provided that the sheriff should be entitled to a return of half the fees so collected and turned over. The special act increased the fees over those allowed by the general act. *Held*, that referee's fees in partition should be computed on the basis provided by section 3307, subds. 7, 11; the special act not being an amendment of the general law, and the statute not providing that referee's fees should be the same as those allowed the county.

Appeal from special term, New York county.

Action by Mary A. Keim against John B. Frank Keim and others. Appeal by Pratt A. Brown, referee, from an order fixing his fees on a sale in partition. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Pratt A. Brown, pro se.

H. T. Slosson, for respondent.

BARRETT, J. The referee's complaint is that the learned justice at special term adopted an erroneous method of computation with regard to his fees. Both sides agree that the fees are regulated by section 3297 of the Code of Civil Procedure. The material language of that section is this: "The fees of a referee appointed to sell real property, pursuant to a judgment in an action, are the same as those allowed to the sheriff." What was immediately contemplated by this is clear enough. The fees to which a sheriff was then entitled upon the sale of real property were distinctly specified in a later section of the same Code (section 3307, subds. 7, 11). Under this latter section, sheriff's fees varied somewhat in different localities. They were, however, the same in all the counties of the state, except New York, Kings, and Westchester. In these three latter counties a different rate was provided. It seems quite clear, so far, that the referee's fees correspondingly varied, and that section 3297 allowed to a referee appointed in any particular county the same fees as were then allowed to the sheriff of that county. The present question arises because of a special act passed in 1890 "in relation to the office of the sheriff of the city and county of New York." Laws 1890, c. 523. Under that act the sheriff of the county of New York was made a salaried officer, and a radical change was made in the administration of the office. The fees collectible by the sheriff of the county of New York were revised and increased,—in many respects doubled. The sheriff was required to account for these fees, and pay them over into the treasury of the county; and the act provided that he "shall be entitled to one-half of such fees," to be paid to him upon the approval by the comptroller of his monthly accounts. Under this special act the sheriff was authorized to collect as fees upon the sale of real property under an execution a larger percentage than he was theretofore allowed under section 3307 of the Code. The referee in the present case claims that he is entitled to this increased percentage. The court below held otherwise, and limited him to the sheriff's percentage specified in section 3307. We think it clear that, if the increased percentage had been given to the sheriff by a simple amendment of this latter section, the referee's fees would have kept pace therewith. The intention of the legislature would not in that case have been questionable. The difficulty is, however, that the special act involves a complete change of system. Under the general act the sheriff was "entitled" to the fees for his services. Under the special act he is allowed a salary, and the city and county of New York is entitled to the fees for his services as its official. He is directed by the act (section 17) to collect these fees and pay them over to the comptroller. As between the county and himself, he is "entitled" to a return of one-half of them. Such an act was not in any sense an amendment of the general act. What it did was to withdraw the particular locality from the area of the general act. No fees are "allowed to the sheriff" by this special act, within the intent and meaning of

that phrase as used in section 3297. It is impossible to adapt the latter section to the special act, as it would have been impossible harmoniously to ingraft the special act upon section 3307. Practically what is now allowed to the sheriff in this county is a salary and a claim upon the county for one-half of the fees allowed to it. The legislative intent as expressed in section 3297 could not have comprehended such changed conditions as these. It related to the general system of sheriff's fees then in vogue, as minutely provided for in section 3307. And it undoubtedly embraced later variations in the quantum of those fees made by amendment to section 3307, or by an equivalent special act. But it certainly did not contemplate the adaptation of the referee's fees, allowed by section 3297, to a salaried system, in which the fees become primarily the property of the county, and are returned to the sheriff, in part, as an incident to his salary.

We have said that the special act in question took the sheriff of the county of New York out of the area of the general act. The effect of this, however, was not to deprive referees appointed to sell real property in this county of any fees. Section 3307 may still be resorted to for the purpose of ascertaining the proper allowance to a referee under section 3297. The former section no longer governs as between litigants and the sheriff, but the referee's compensation may be computed thereon quite as though the percentage specified therein had been literally embodied in section 3297. It is those percentages which section 3297 gave to the referees, and those percentages stand until they are taken away, either by some act directly relating to referee's fees, or by some act relating to sheriff's fees which can reasonably be brought within the original legislative purpose, as that purpose was expressed when the legislature said that the fees of a referee should be the same as those allowed to the sheriff. The legislature has never said that the fees of a referee should be the same as those allowed to the county.

The order appealed from should be affirmed, with $10 costs and disbursements of the appeal.

VAN BRUNT, P. J., and INGRAHAM and McLAUGHLIN, JJ., concur. RUMSEY, J., concurs, except that he is of opinion that the referee's fees provided for in section 3297 could only be varied by a direct amendment to section 3307 with regard to sheriff's fees, and would not be affected by "an equivalent special act."