(40 Misc. Rep. 388.)

## HARRINGTON v. BAYLES.

(Supreme Court, Appellate Term.　April, 1903.)

1. FORECLOSURE SALE—FEES OF REFEREE.
　　On a sale in foreclosure in the city and county of New York the fees of the referee are governed by Laws 1882, p. 303, c. 410, § 1088, and he is entitled to charge the same rates as prescribed by such section in the case of sales by the sheriff of said city and county.

2. SAME—COMMISSIONS.
　　A referee, on sale in foreclosure in the city and county of New York, is entitled to the commissions provided by Code Civ. Proc. § 3297.

3. SAME—AMOUNT.
　　Under Code Civ. Proc. § 3297, on sale by a referee in foreclosure in the city and county of New York, his compensation, including commissions, cannot exceed $50 unless the property sells for $10,000 or upwards.

4. SAME—REDEMPTION BEFORE SALE.
　　Where, on foreclosure, the owner of the equity of redemption pays the judgment before sale made, the referee is entitled to no commissions and no fees except for receiving the order of sale and posting the notices thereof, and attending and adjourning the sale, not exceeding three times.

5. SAME—AUCTIONEER'S FEES.
　　There is no statutory provision for paying auctioneer's fees for adjournments of the sale of real estate on foreclosure.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by John M. Harrington against Laura Bayles. From a judgment in favor of plaintiff on a trial to the court, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Alfred Pagelow, for appellant.
John M. Harrington, in pro. per.

GIEGERICH, J.　The action is to recover fees for services rendered by the respondent, as referee, under a judgment of foreclosure and sale in an action in which the appellant was the plaintiff, and for auctioneer's fees paid therein by the respondent.　The pleadings were written.　The complaint contained two causes of action—one for services rendered as such referee at the appellant's request, the value of which was placed at $50, and the other for fees of an auctioneer amounting to $15, which the respondent claims were paid by him as a disbursement in connection with his duties as such referee.　The answer put in issue the allegations as to the rendition and value of the services, and for a separate defense set up that a sale of the premises never took place, and that, in consequence thereof, neither the respondent nor the auctioneer became entitled to any fees whatever.

It appears from the evidence elicited, and the admissions made at the trial, that the respondent was served with a certified copy of the judgment by the representative of the attorneys for the plaintiff in such foreclosure action; that the respondent selected an auctioneer, caused the notice of advertisement of sale to be published, and on the day fixed for the sale attended at the place where the prem-

ises were to be sold, and at the request of the plaintiff's attorney in such action adjourned the sale to a subsequent date, and that, when that date arrived, he again attended, and upon the like request adjourned the same, and that in the meanwhile the owner of the equity of redemption offered, and the respondent accepted, the full amount of such judgment, including costs. The respondent subsequently demanded payment of his fees, but no part thereof was paid. Testimony was also given to the effect that the sum paid to the auctioneer by the respondent for adjourning the sale was reasonable.

At the trial the appellant contended that under section 1088 of the consolidation act (Laws 1882, p. 303, c. 410), the respondent was not entitled to any fees whatever, but the justice held that the point was not well taken and gave judgment in the latter's favor for the full amount claimed, and an appeal was taken to this court. When the appeal was reached for argument, the respondent claimed that it was in the same position as if it had been actually dismissed, by reason of the appellant's failure to argue the appeal at the December term, as required by the order granted herein on October 22, 1902, upon a motion to dismiss the appeal for failure to file a return. While it is true that the appeal was not argued at such term, it is equally true that the argument thereof was for a good and sufficient reason postponed until the present term without prejudice to the rights of the appellant, and under such circumstances we had no alternative but to overrule the objection and direct that the argument of the appeal proceed. The respondent thereupon refused to take any further part in the appeal, and it is to be regretted that such important questions as are presented have to be decided without the assistance of either an oral argument or a brief in his behalf.

It was said by the court in Innes v. Purcell, 2 Thomp. & C. 539, in speaking of the fees of a referee:

"It has always been the policy of the law to prescribe and fix the compensation which may be demanded for the performance of legal duties by public officers; and where no provision has been made, either directly or indirectly, no fees can lawfully be demanded. Costs and fees are recoverable by virtue of statutory authority, and, where no such authority exists, no claim for their recovery can be strictly maintained;" citing Downing v. Marshall, 37 N. Y. 380.

The question thus arises whether there is any statute fixing the fees of a referee in foreclosure sales in New York county, and, if so, at what rate. In order to obtain a thorough understanding of the situation, it becomes necessary to examine the various statutes which were passed before the provisions of the consolidation act above referred to were enacted, and the decisions construing such statutes. Prior to the adoption of the Constitution of 1846, mortgages were foreclosed by action in the court of chancery, and the sale was made under the direction of a master in chancery. His fees for performing certain services were prescribed with great particularity by the Revised Laws and subsequent enactments. Thus, under the Revised Laws of 1813 (2 Rev. Laws, pp. 5, 6, § 1), he was entitled to 50 cents for drawing the advertisement or public notice of sale, $1 for attending and adjourning sale, $5 for preparing and executing a deed to the

purchaser, and such further allowance by way of commissions as the chancellor judged to be reasonable. Besides these fees, the master was allowed the printers' bills. These provisions, except those relating to an additional allowance, were incorporated into the Revised Statutes. 2 Rev. St. pt. 3, pp. 624, 625, c. 10, tit. 3, § 7. The latter provided for the allowance by the chancellor of commissions, not exceeding the sum of $20, after notice given to the party to be charged therewith. These provisions remained in force until 1880, when they were repealed. Chapter 245, p. 368. The fees allowed by the Revised Statutes were materially reduced by chapter 342, p. 287, of·the Laws of 1840, but such act was repealed in the following year. Laws 1841, p. 219, c. 237. The Constitution of 1846 having abolished the office of master in chancery, as well as the court itself, the judiciary act of 1847 (chapter 280, p. 319) was passed in order to meet the necessities arising from the changes thus made. Section 77 thereof, among other things, provided that, after the first Monday of July of that year, sheriffs might sell any lands in their respective counties ordered to be sold by decree of any court of record in the state, and give conveyance thereof in the same manner and with like effect as was then done by a master in chancery, and for that service it was further provided that, in addition to his disbursements for printers' fees, he should be entitled to receive the same fees as upon sales by virtue of an execution, but that the whole should in no case exceed the sum of $10. The foregoing provisions were repealed by the Laws of 1877 (chapter 417, p. 471) and by the Laws of 1880 (chapter 245, p. 370). In 1869, an act (chapter 569, p. 1377) relating exclusively to the city and county of New York was passed: Since this is the source of various subsequent enactments relating to the fees of officers authorized to sell lands in foreclosure actions as well as in actions of partition, it is herewith set forth in full:

"Section 1. All sales of real estate hereafter made in the city and county of New. York under the decree or judgment of any court of record (except sales in cases of partition, and where the sheriff of said city and county is a party) shall be made by the sheriff of said city and county.

"Sec. 2. In cases of sales on foreclosure, he shall be entitled to receive the following fees and no more: For receiving order of sale and posting notices of sale, ten dollars; for attending sale, ten dollars; for drawing each deed of premises sold, five dollars; for attending and adjourning a sale at the request of the plaintiff in the action or by order of the court, three dollars, but no more than three such adjournments in one action shall be charged for; for making report of sale, five dollars; for paying over surplus moneys, three dollars. And all disbursements made by him for printers' fees at the rate allowed by law therefor, fees of officers for taking acknowledgments and administering oaths, and for internal revenue stamps affixed to conveyances executed and delivered by him, and all auctioneers' fees actually paid by him, but not to exceed for such auctioneers' fees twelve dollars for each parcel separately sold, which auctioneers' fees shall be paid by the purchaser of the parcel in addition to the amount bid by him therefor.

"Sec. 3. In cases where there is no other officer to whom, according to the provisions of law, a police justice may direct a commitment,· and when no such officer is present, such police justice shall direct the same to the sheriff of said city and county, who shall be entitled to receive such fees for his services therefor, not exceeding fifty cents on each commitment, as shall be allowed by the supervisors of the county of New York.

"Sec. 4. In cases of sales in actions of partition by referees appointed by the court, they shall be entitled to receive the same fees and disbursements

as are allowed by section two hereof to the sheriff of the city and county of New York, and in addition thereto commissions on all moneys received and paid out by them, at the same rate as are allowed by law to executors and administrators. Provided, however, that the commissions allowed by this section shall not, in any case, exceed the sum of five hundred dollars."

Section 1 of the foregoing provisions was amended by chapter 192, p. 212, of the Laws of 1874, as hereafter shown, and, as thus amended, it, together with section 2, has been included in section 1088 of the consolidation act (Laws 1882, p. 303, c. 410); section 3 was repealed by the Laws of 1874 (chapter 192, p. 212) and by the Laws of 1881 (chapter 537, p. 772); and section 4 was repealed by the Laws of 1880 (chapter 245, p. 372. See Silvernail's Index to the Laws of New York from 1775 to 1897, p. 537), but its provisions were modified and embodied in section 3297 of the Code of Civil Procedure (see Throop's Ann. Code of 1891, p. 901).

As above noted, section 1 of the foregoing act was amended, and section 3 thereof was repealed, by chapter 192, p. 212, of the Laws of 1874, the former, as thus amended, reading as follows:

"Sales of real estate hereafter made in the city and county of New York, under the decree or judgment of any court, may be made by the sheriff of said city and county, or by a referee appointed for that purpose, by such judgment or decree; but when any sale is made by any officer other than the sheriff no greater sum shall be charged or allowed as fees than is prescribed in section 2 of this act."

By the act of 1876 (chapter 431, § 11, p. 456), section 309 of the Code of Procedure was, among other things, amended by adding the following provision:

"Nor shall a greater sum than fifty dollars be charged by or allowed to any sheriff, referee or other officer for his fees, percentage or services for any sale under a decree or judgment of foreclosure."

On the 1st day of September, 1880, sections 1496 to 3356, both inclusive, comprising chapters 14 to 22, inclusive, of the Code of Civil Procedure, went into effect. Among these is section 3297, which, as amended by subsequent enactments, reads as follows:

"The fees of a referee appointed to sell real property pursuant to a judgment in an action, are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff. Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving and paying out money. But commissions shall not be allowed to him upon a sum bidden by a party, and applied upon that party's demand, as fixed by the judgment, without being paid to the referee, except to the amount of ten dollars. And a referee's compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper, or in any other cause five hundred dollars."

This section is said by Mr. Throop to have been taken from the Laws of 1869 (chapter 569, p. 1378, § 4), as amended, by chapter 192, p. 212, of the Laws of 1874; and section 309 of the Code of Procedure, as amended by chapter 431, p. 456, of the Laws of 1876, supra.

Throop's Ann. Code of 1891, p. 901.   In 1882 the consolidation act (chapter 410, p. 303) was enacted, section 1088, above referred to, reading as follows:

"Sales of real estate hereafter made in the city and county of New York, under the decree or judgment of any court, may be made by the sheriff of said city and county, or by a referee appointed for that purpose, by such judgment or decree; but when any sale is made by any officer other than the sheriff, in an action of foreclosure, no greater sum shall be charged or allowed as fees than the following.  In cases of sale on foreclosure, the sheriff shall be entitled to receive the following fees and no more:  For receiving order of sale and posting notices of sale, ten dollars; for attending sale, ten dollars; for drawing each deed of premises sold, five dollars; for attending and adjourning a sale at the request of the plaintiff in the action or by order of the court, three dollars, but not more than three such adjournments in one action shall be charged for; for making report of sale, five dollars; for paying over surplus moneys, three dollars, and all disbursements made by him for printers' fees at the rate allowed by law therefor, fees of officers for taking acknowledgments and administering oaths, and all auctioneers' fees actually paid by him, but not to exceed for such auctioneers' fees twelve dollars for each parcel separately sold, which auctioneers' fees shall be paid by the purchaser of the parcel in addition to the amount paid by him therefor."

The foregoing provisions were taken from the Laws of 1869 (chapter 569, p. 1377, §§ 1, 2), as amended by the Laws of 1874 (chapter 192, p. 212.   See Laws of 1880, vol. 2, p. 303, marginal note; Silvernail's Index, supra), and are unaffected by the Greater New York Charter (Ash's Greater New York Charter, LXI).

Before passing to the consideration of the question whether the foregoing section has been superseded, it becomes necessary to consider the same, as well as the other enactments upon the subject, in the light of the decisions which have been handed down from time to time.   In 1840, while the act passed in that year (chapter 342, p. 287) was in force, the chancellor, in construing its provisions held that the restriction contained in such act—that no other fees whatever than those therein prescribed should be taxed or decreed against the defendant or demanded or received from him—did not have the effect of excluding the power to award commissions provided for by the Revised Statutes.   Delavan v. Payn, 8 Paige, 459.   In the case cited, the chancellor, in discussing the effect of said act upon the commissions allowed by the Revised Statutes, among other things, said (at page 459):

"The question therefore arises whether the term 'fees,' as used in that act, includes the compensation allowed by the former statute by way of commissions upon moneys received and paid over by masters and other officers of the court.  By referring to the general fee bill in the Revised Statutes, it will be seen that the master's fees upon sales in this class of mortgage cases were very much reduced by the act of May, 1840, so as to give him a very trifling compensation for his services in advertising the property, attending the sale, and drawing the deed and report, exclusive of his risk and responsibility in receiving and paying out moneys.  I cannot therefore believe that the Legislature intended, in that act, to deprive the master of the commissions which were allowed to him under the Revised Statutes.  The provision in the Revised Statutes authorizing the master to charge for disbursements and for commissions upon sales is contained in the same clause of the section of the statute relative to master's fees.  And as neither the commissions nor the disbursements are, in common parlance, or even in technical language, called

'fees,' if the master is not allowed to retain his commissions upon sales under the recent act, it is difficult to say upon what principle he can be permitted to retain for his disbursement for the printer's bill. I conclude, then, that the term 'fees,' in the act of May last, was not intended to deprive the master of his commissions."

That decision was followed in Innes v. Purcell, supra, decided in the year 1874, wherein the General Term of the First Department, reversing an order allowing $100 to a referee appointed to sell in a foreclosure action, held that the power to allow commissions provided by the Revised Statutes still continued, notwithstanding the act of 1847 limited the fees to the amount of $10, and also, in construing section 287 of the Code of Procedure, as amended by the Laws of 1851 (Appendix, p. 95), directing that real estate adjudged to be sold must be sold by the sheriff of the county or by a referee appointed for that purpose, and that thereafter the sheriff or referee must execute a conveyance which shall be effectual to pass the rights and interests of the parties adjudged to be sold, held that the referee appointed to sell in such an action is entitled only to the same amount allowed by law to the sheriff for the performance of a similar duty. In Ward v. James, 8 Hun, 526, decided in October, 1876, a gross sum of $50 was allowed the referee in a foreclosure action where the property was not sold, although advertised for sale, and it was held that the court below had no power to award it. In Walbridge v. James, 16 Hun, 8, the property was situated in a county other than New York, and it was held by the General Term of the Third Department in November, 1878, that the effect of the limitation placed by section 309 of the Code of Procedure was to fix the maximum of fees, and that such limitation stood at $50, instead of $10, fixed by the former statute, but that it expressly covered both fees and percentage. It was further held that, where a sale was for any reason ineffectual, the referee was entitled, under the circumstances, to 50 cents for receiving and entering the decree, and $2 for advertising the property for sale. The former fee appears to have been warranted by chapter 415, p. 821, Laws of 1871, entitled "An act in relation to the fees of sheriffs except in the counties of New York, Kings and Westchester," and the latter by part 3, p. 644, c. 10, tit. 3, § 38, of the Revised Statutes.

It should be observed that all these decisions were promulgated subsequent to the decision in Gaskin v. Meek, 42 N. Y. 186, in which it was held that the act of 1869 was unconstitutional because it violated the provision of the Constitution prohibiting the passage of a private or local act containing more than one subject, and requiring that it be expressed in the title. The amendment of 1874 having obviated the constitutional objection, the constitutionality of the act in question was finally sustained by the decision of the Court of Appeals in Richards v. Richards, 76 N. Y. 186, in 1879. It was held by the Monroe County Special Term in Birge v. Ainsworth, 59 How. Prac. 473, in March, 1880, that the poundage of referees in cases of sales on foreclosure was limited to $10, and was not increased by the act of 1876 amending section 309 of the Code of Procedure, and that said amendment did not give the right to such fees or poundage, but that it was merely a limitation of the fees or poundage allowable, the right there-

to being dependent upon other statutory provisions. In the same month and year it was held in Schermerhorn v. Prouty, 80 N. Y. 317, that the only effect of the act of 1876 amending section 309 of the Code of Procedure had upon the act of 1869 was to fix a minimum of fees; that the latter was a local act, and the amendment to the Code was a general law, not inconsistent therewith, except so far as it modified it in the respect hereafter mentioned; and that such act regulated the fees of the sheriff or referee on foreclosure sales in the city and county of New York, subject only to the limitation in the act of 1876 that in no case shall they exceed $50.

It will be seen from the foregoing enactments and decisions that when section 3297 of the Code of Civil Procedure, above cited, went into effect, the fees allowed for services rendered on foreclosure sales were not uniform throughout the state, but that, so far as the county of New York was concerned, such fees were measured by the act of 1869; that, besides these fees, commissions not exceeding $20 might be allowed, under the Revised Statutes, to the officer making the sale; that section 309 of the old Code, as amended by the act of 1876, did not give the right to the sum of $50, but only fixed the maximum of fees, percentage, and services at that sum, leaving unchanged the scale of charges up to this limit, as fixed by the various enactments, general or special, affecting the county where the real property was situated.

It might be argued with considerable plausibility that section 2 of the act of 1869, relating to fees on foreclosure sales, has been repealed or superseded by the provisions of the Code of Civil Procedure, and stress might be laid especially upon the language of the first sentence of section 3297, that the fees of a referee are the same as those allowed to the sheriff. Such words, however, merely indicate that the fees allowed to the sheriff for selling real property pursuant to a judgment in an action when the said section went into effect were left unchanged; in other words, the various provisions for quantity or amount of sheriff's fees, whether general or local, were left unaffected. The words "the sheriff," as used in section 3297, clearly refer to the sheriff of the county where the real property ordered to be sold is situated, and not to sheriffs generally. The foregoing views are strengthened by the language of section 3308 of the Code of Civil Procedure, which is as follows:

"The last section (regulating sheriffs' fees), except the limitation of amount contained in subdivision eleventh thereof, does not affect any special statutory provision, remaining unrepealed after this title takes effect, relating to the fees and expenses of the sheriff of the city and county of New York, or the sheriff of the county of Kings."

The sheriff's fees on foreclosure in the county of New York, as already observed, were then regulated by section 2 of the act of 1869, which has not been specifically repealed, but, on the contrary, its provisions have been included in section 1088 of the consolidation act (Laws 1882, p. 303, c. 410). From what has preceded, it is clear that section 2 of the act of 1869 must be regarded as having been ingrafted upon section 3297 of the Code of Civil Procedure, and therefore that the former, which, as above noted, is a local act, instead of section 3307

82 N.Y.S.—25

of the Code of Civil Procedure, which relates to the fees of sheriffs generally, regulated the fees of the sheriff, as well as referees on foreclosure, in the county of New York, when section 3297 went into effect, in 1880.

These views are further supported by the conclusion reached by the late court of common pleas in the case of Lockwood v. Fox, 1 Civ. Proc. R. 407, 61 How. Prac. 522. There, as here, the action to foreclose a mortgage was settled by the parties after advertisement and before the sale. Before the settlement the defendant tendered to the referee the sum of $10, claiming that to be the proper amount, under the act of 1869, for receiving the order of sale and printing the notices of sale. The referee declined to accept this amount, claiming that his fees were regulated by the Code of Civil Procedure, and that thereunder he was entitled to poundage on the amount paid in settlement of the judgment, and moved to tax his fees. The court at Special Term sustained the referee, but reduced his fees to $50. The defendant appealed to the General Term, which reversed the order, and held that the statute of 1869 was a local act, and therefore was unaffected by virtue of section 3308 of the Code of Civil Procedure, and that, as the referee's fees must be taxed under said act, he was entitled to only the sum of $10. The court, in the case just quoted, among other things, said:

"It is apparent, from examination, that referee's fees must be taxed, under chapter 569, p. 1377, of the Laws of 1869, as amended by chapter 192, p. 212, of the Laws of 1874, unless a change has been made by the provisions of the Code of Civil Procedure. Schermerhorn v. Prouty, 80 N. Y. 317. There was no direct repeal of the specified enactments by the repealing acts. The statute of 1869, being a local act, is therefore unaffected, by virtue of section 3308 of the Code of Civil Procedure, to which the attention of the learned justice in the court below could not have been directed."

The principle laid down in the foregoing case was reiterated by the same court in Brady v. Kingsland, 67 How. Prac. 168, and these decisions may therefore be regarded as authorities for taxing the fees of a referee in foreclosure cases under the act of 1869, as included in section 1088 of the Consolidation Act (Laws 1882, p. 303, c. 410), instead of the Code of Civil Procedure, unless a change has been made by the provisions of the act "in relation to the office of the sheriff in the city and county of New York." Laws 1890, p. 936, c. 523, and amendments thereof.

It cannot be fairly claimed, from a reading of the act of 1890, that it either superseded or in any way affected the act of 1869, or section 1088 of the Consolidation Act (Laws 1882, p. 303, c. 410), which continued the portion in question. The enactment of 1890 does not provide for a direct repeal of either of such enactments, and from the view expressed by the Appellate Division of the First Department in the case of Keim v. Keim, 43 App. Div. 88, 59 N. Y. Supp. 366, the measure of a referee's compensation in a partition suit is not to be found in the act of 1890. The court in that case said:

"We have said that the special act in question took the sheriff of the county of New York out of the area of the general act. The effect of this, however, was not to deprive referees appointed to sell real property in this county of any fees. Section 3307 may still be resorted to for the purpose of ascertain-

ing the proper allowance to a referee under section 3297. The former section no longer governs as between litigants and the sheriff, but the referee's compensation may be computed thereon quite as though the percentage specified therein had been literally embodied in section 3297."

This, we think, must be regarded as overruling the conclusion reached in Schierloh v. Schierloh, 22 Misc. Rep. 637, 49 N. Y. Supp. 1062, that the fees of a referee in an action of dower, and in Hover v. Hover, 25 Misc. Rep. 95, 54 N. Y. Supp. 693, that the fees of a referee in an action to foreclose a mortgage, where over $3,000 as earnest money upon the sale was received by him, but which he was compelled to return to the purchaser because the title proved unmarketable through a defect of parties to the record, are controlled by the New York county sheriff's law of 1890. While the remarks above quoted were made in an action for partition, they must, by analogous reasoning, be held to apply to an action for the foreclosure of a mortgage and exclude the act of 1890. Neither does section 3307 of the Code of Civil Procedure, as above noted, apply in foreclosure sales in New York county. Lockwood v. Fox, supra; Code Civ. Proc. § 3308. Moreover, it is apparent from a reading of the act of 1890 that the Legislature did not intend to adapt the fees allowed by section 3297 of the Code of Civil Procedure to a salaried system in which the fees became primarily the property of the county, and are returned to the sheriff in part, as an incident to his salary.

Section 17, subd. 11, p. 942, c. 523, of the act of 1890, contains the following provision:

"For posting and publishing the notice of sale, selling and conveying real property in pursuance of a direction contained in a judgment, the like fees as for the same services upon the sale of real property by virtue of an execution, but where real property is sold under a judgment in an action to foreclose a mortgage the sheriff's entire compensation shall not exceed fifty dollars."

The only fees provided for the services enumerated in the beginning of the foregoing provisions are set forth in subdivisions 8 and 9 of the same section, and they are as follows: For advertising real property, $2.50 where the amount of the judgment is less than $1,000, and five dollars in all other cases (subdivision 8); for making duplicate certificates of the sale of real property, by virtue of an execution, 25 cents for each folio, and for drawing and executing a conveyance upon a sale of real property, $5, to be paid by the grantees (subdivision 9). The act in question, however, is silent as to the following services specified in section 2 of the act of 1869, as continued in section 1088 of the consolidation act (Laws 1882, p. 303, c. 410), and for which compensation is therein provided, viz., attending sale, attending and adjourning sale at the request of the plaintiff, making report of sale, and paying over surplus moneys.

It was not and could not have been within the intention of the Legislature, in enacting the law under review, to deprive referees of their fees for performing these services in foreclosure actions. Such is not a fair and reasonable construction of the act in question. It should rather be inferred from these very omissions that the lawmaking power did not intend, by enacting the provisions above quoted, to

supersede section 1088 of the consolidation act (Laws 1882, p. 303, c. 410), which fixes the fees of the sheriff as well as of referees in such cases on sales in foreclosure actions, but only intended to affect the sheriff's fees for services rendered under a judgment other than one of foreclosure and sale. Recourse must, therefore, be had to that part of the consolidation act above cited, which, as above stated, superseded section 2 of the act of 1869, and relates directly and exclusively to fees on foreclosure sales, and therefore governs the disposition of the questions arising with respect to the respondent's fees as referee.

It will be observed that the term "fees" is used, instead of "compensation." The distinction between these terms as well as the term "commissions" was pointed out by the chancellor in Delavan v. Payn, supra, and it has ever since been recognized and applied in statutes passed and in decisions handed down subsequent to the enactment of the Revised Statutes, and including the act of 1869 as well as section 3297 of the Code of Civil Procedure. See Innes v. Purcell, supra; Guinivan v. Carroll, 4 N. Y. Law Bul. 6; Richards v. Richards, supra; Hobart v. Hobart, 86 N. Y. 636; Race v. Gilbert, 102 N. Y. 298, 6 N. E. 592. Upon turning to the latter, it will be seen that provision is there made for the allowance to the referee of certain commissions when he is required to take security upon a sale, or to distribute or apply, or ascertain and report upon the distribution or application of, any of the proceeds of the sale; but that commissions shall not be allowed upon a sum bidden by a party and applied upon that party's demand, as fixed by the judgment, without being paid to the referee, except to the amount of $10. Under these provisions a payment of the proceeds to the parties entitled, in accordance with their respective rights, is a "distribution" of such proceeds, and a payment upon incumbrances "applies" the sum paid thereon, so as to entitle the referee to such additional compensation by way of commissions. Race v. Gilbert, supra. In the case just cited, the Special Term struck out the item of commissions, and the General Term, in affirming the order, held that the referee, under the circumstances above mentioned, was entitled to receive the same fees as a sheriff does upon the sale of real estate under an execution, viz., 3 per cent. on a sum not exceeding $250, and 2 per cent. on the residue. The Court of Appeals, however, reversed so much of the order of the General Term as denied the right to commissions for distributing and applying as above defined.

In their note to section 3297 the commissioners say that they made the provision regulating the commissions general instead of limiting it to partition, but that the Legislature reduced the amount of the referee's commissions to one-half of the commissions of executors. Throop's Ann. Code of 1891, p. 901. It will be recalled that the provisions with respect to commissions were taken from section 4 of the act of 1869, which, as already stated, related only to partition suits, and allowed the full commissions of executors. As above pointed out, however, a limitation upon the amount of a referee's compensation, including commissions, in an action to foreclose a mortgage, is expressly imposed by the concluding sentence of section 3297. It will thus be observed that the first sentence of section 3297, allowing a referee, appointed to sell property pursuant to a judgment in an action,

the same fees as those allowed to the sheriff, is not, as might appear at first blush, the only provision which is contained in the entire section for his compensation for services so rendered. On the contrary, the portions immediately following those referred to provide for commissions for moneys received, distributed, or applied, as well as fees for rendering certain enumerated services, which, in an action to foreclose a mortgage, would, as seen, include the receiving of the order of sale and the posting of notices of sale, attending the sale, drawing the deed of the premises sold, attending and adjourning the sale, the making of the report of sale, and the paying over of surplus moneys. Richards v. Richards, supra; Hobart v. Hobart, supra; Race v. Gilbert, supra. The services last mentioned are those for which "fees" are allowed. For certain other services, viz., "to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale" (section 3297), the referee is entitled to "commissions." The "fees" are determined differently in different parts of the state—in New York county by section 1088 of the consolidation act (Laws 1882, p. 303, c. 410), as above shown. The "commissions" are uniform throughout the state, and are determined by section 3297 of the Code. That commissions are allowed to referees in foreclosure, as well as in partition, is obvious not only from the statement of the revisers above quoted, that they had made the provisions for commissions general instead of limiting them to partition, but also from the express language of the section, as follows:

"A referee's compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars * * *, or in any other case five hundred dollars."

It is equally plain, however, that the referee is not entitled to such commissions where a sale has not taken place. Walbridge v. James, supra; Lockwood v. Fox, supra. The court, in the first-cited case, adverting to the commissions of the referee in an ineffectual sale, at page 13, 16 Hun, said:

"He can have commissions only on the consummated sale. He can have commissions only on such moneys as were actually or constructively received and paid over under the decree."

This being our view of the law, the plaintiff, under the circumstances disclosed, was entitled to charge only for the following services:

For receiving and posting notices of sale............................ $10 00
For two attendances and adjournments of the sale at the request of
  the plaintiff in the foreclosure action, $3 each...................... 6 00
                                                                        --------
  Total ............................................................. $16 00

The remaining question relates to the auctioneer's fees, amounting to $15, which the plaintiff testified he paid to the auctioneer for having upon two occasions adjourned the sale. These fees were not a proper charge (Ward v. James, 8 Hun, 527), and it was error for the justice to allow them.

As a result of the foregoing considerations, it follows the judgment must be modified by reducing the recovery for damages from $65 to $16, which latter sum, with the sum heretofore awarded for

fees, extra costs, and prospective fees, amounts in all to the sum of $36.15 damages and costs, and, as so modified, affirmed, but without costs of this appeal to either party as against the other.

Judgment modified by reducing recovery for damages from $65 to $16, which latter sum, with sums heretofore awarded for fees, extra costs, and prospective fees, amounts to sum of $36.15 damages and costs, and, as so modified, affirmed, but without costs of this appeal to either party as against the other.    All concur.